GRACEY, JUDGE:
*22 The notice of claim was filed on March 11, 1974, by Victor Solomon, claiming damages of $36,000 incident to refusal of the respondent to grant him a permit for a landfill in Monongalia County. Claimant alleged a loss of income of $21,000 from July 1972 to the date of. filing and a loss of future income of $15,000.
The claim was set for hearing on five occasions from 1974 to 1977. Each time, the hearing was continued upon claimant's request or by mutual agreement. At the conclusion of the hearing at Morgantown on July 21, 1982, the parties agreed that the case was 'submitted". On October 18, 1982, claimant filed a motion for an additional hearing. The motion was granted, and another hearing was held in Morgantown on July 18, 1983. Several witnesses not being present, the claimant was granted the privilege of deposing them by written interrogatories. This was done.
For several years prior to the filing of his claim, Victor Solomon, by permit, had operated a landfill in the area known as Laurel Point. A roadway problem developed there in July of 1972, and, without a permit, he began to operate an area known as Martin Hollow as a landfill. Upon discovery, the respondent issued a cease and desist order on or about July 27, 1972. Claimant then agreed to submit an application for a permit to operate the Martin Hollow area. Claimant states, but offered little evidence to prove, that his previous customers, consisting of local municipalities, businesses and individuals, were contacted by respondent and advised to take their garbage and trash elsewhere, to some other landfill; that he thus lost the business of those customers. Many months passed as the claimant got his application into proper form for consideration by respondent. Respondent was represented by a succession of lawyers and engineers. The permit was finally issued September 26, 1973. However, the permit then issued would have required the claimant to begin at a different elevation than the claimant desired, thus limiting the usable area. Infractions of respondent's landfill regulations were reported to the claimant after an inspection of July 29, 1974. By letter dated August 12, 1974, claimant's legal counsel advised respondent that claimant was not operating a sanitary landfill because of "present restrictions"; that his operations were being conducted under his salvage yard permit; that claimant "... would consent to the revocation of his sanitary landfill approval as of August 16, 1974, or prior to that time, with the understanding that he would have the right to reapply should conditions warrant."
Subsequently, in 1976, the land in question appears to have been leased to the Monongalia County Commission for five years. In September of 1981, it appears that Solo Enterprises, a West Virginia corporation, by Victor Solomon as its agent, made application for a landfill permit, and the permit was not granted. Solo Enterprises is not a party to the action before this Court, and it is a different entity than Victor Solomon, the individual claimant who is a party to the action before this Court.
During the years, from 1972 to 1983, it appears that the matter of a sanitary landfill permit, for Victor Solomon or Solo Enterprises, has *23 been the subject of litigation in the Circuit Courts of Monongalia and Kanawha counties. Generally, the claimant, Victor Solomon, has in this action alleged and attempted to prove discrimination on the part of the respondent in several ways. For instance, he complains of the length of time taken by the respondent in processing his application of 1972. He complains that a competing landfill operation of the City of Morgantown was not required by respondent to operate under strict adherence to respondent's landfill regulations. He disagrees with respondent's engineering personnel with reference to the elevation and starting point required in the permit issued to him in September 1973. He makes other allegations of discrimination.
The Court is of the opinion that the claimant has not proven such discrimination by a preponderance of the evidence, and must deny the claim.
Claim disallowed.